UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ] | |
| | ] | |
| **v.** | ] | 1:17-CR-466-KOB-SGC |
| | ] | |
| **CHARLES TERRELL MCGHEE ,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## ORDER

This matter comes before the court on Charles Terrell McGhee's *second pro se* motion for compassionate release and motion for counsel. (Doc. 28). The court denied his first motion for compassionate release on June 21, 2021. (Docs. 25 & 27). For the following reasons, the court again will deny his motion for compassionate release.

In addition to requesting compassionate release, Mr. McGhee also seems to attack his conviction and sentence. As the court will explain below, because the time has run for him to file a habeas motion attacking his conviction and sentence, the court finds that construing his motion as one also under 28 U.S.C. § 2255 would be futile.

*Background*

Pursuant to a plea agreement with the Government, Mr. McGhee pled guilty on March 29, 2018 to one count of being a felon in possession of a firearm.

1

(Docket entry for March 29, 2018 & doc. 13). The court sentenced Mr. McGhee on August 15, 2018 to 180 months imprisonment. (Docket entry on August 15, 2018 & doc. 21). Mr. McGhee did not file an appeal. The Federal Board of Prison's website indicates that Mr. McGhee is currently housed at USP Lompoc with a projected release date of October 28, 2030.

In his second motion for compassionate release, Mr. McGhee again claims that the court should grant him compassionate release and reduce his sentence to time served because his asthma, hypertension, and allergic rhinitis make him more vulnerable to severe illness if he contracts COVID-19. (Doc.28 at 16). But he also argues that the court should grant compassionate release so he can care for his 58-year-old mother who has been diagnoses with stage 4 breast cancer and suffers from hypertension, diabetes, heart disease, and circulatory disease. (Doc. 28 at 8).

*Motion for Compassionate Release*

Mr. McGhee has not shown that he is entitled to a sentence reduction under 18 U.S.C. § 3582, as amended by the First Step Act. Under that statute, courts generally cannot alter or modify a term of imprisonment after imposition. But the court has authority to reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has exhausted administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

To exhaust his administrative remedies as required by § 3582, a prisoner

must file a request for compassionate relief with the BOP; the prisoner must then either pursue the entire appeals process for that request or wait 30 days. *Id.* Here, Mr. McGhee has failed to show that he has exhausted his administrative remedies regarding his new claims for compassionate release involving his current medical condition and the need for him to care for his terminally ill mother.

Prior to his *first* motion for compassionate release, Mr. McGhee had exhausted his administrative remedies because he submitted his request for compassionate release to the warden on January 12, 2021, and the warden denied his request on April 27, 2021. *See* (Doc. 25 at 23). He included both his initial request and the Warden's denial when he filed his first motion for compassionate release. But Mr. McGhee failed to include any proof that he has exhausted his administrative remedies for his current compassionate release motion.

Even if Mr. McGhee could show that he has exhausted his administrative remedies for this motion, Mr. McGhee's request does not meet the criteria for compassionate release under § 3582(c)(1)(A)(i). The court can grant a motion for compassionate release where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2). In general, the defendant has the burden to show circumstances

meeting the test for a reduction of sentence. *United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013); *see also United States v. Heromin*, 2019 U.S. Dist. LEXIS 96520, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (applying this burden of proof after the implementation of the First Step Act).

The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons" warranting a reduction in sentence. U.S.S.G. § 1B1.13(1)(A) & cmt. One extraordinary and compelling reason under § 1B1.13 that could apply in this case includes when the defendant is "suffering from a serious physical or medical condition...that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" *Id.* § 1B1.13 cmt. 1(A)(ii).

But, Mr. McGhee has failed to show that his alleged medical conditions "*substantially* diminish his ability to provide self-care within the environment of a correctional facility." *See* U.S.S.G. § 1B1.13, comment. Mr. McGhee submitted medical records from January 2021 with his *first* motion for compassionate release that showed he does have asthma, hypertension, and allergic rhinitis. But Mr. McGhee submitted *no* medical records with his current motion and has failed to show that he is having any complications with any of his medical conditions or that any of those conditions substantially limit his self-care in the prison setting.

Also, Mr. McGhee's request for compassionate release to take care of his sick mother does not meet the requirements of any policy guideline. One extraordinary and compelling reason under § 1B1.13 includes that the defendant needs to take care of his minor *child* because of the death or incapacitation of the caregiver. But that policy guideline does not include taking care of a parent who is ill.

Mr. McGhee argues that the court is not bound by this policy statement and may decide on its own what circumstances presented by a defendant may now constitute extraordinary and compelling reasons for relief. (Doc. 28 at 20). But he is wrong. The Eleventh Circuit recently held that U.S.S.G. § 1B1.13 is an "applicable policy statement" for motions filed by a defendant after the First Step Act, and that the court may not reduce a sentence under § 3582(c)(1)(A) unless such a reduction is consistent with that guideline. *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *cert. denied*, 2021 WL 5763101 (U.S. Dec. 6, 2021). Although the court commends Mr. McGhee's desire to take care of his sick mother, the court has no authority to grant him compassionate release based on that reason.

Furthermore, even if Mr. McGhee could show an extraordinary and compelling reason, § 3582 requires that a court contemplating a sentence reduction consider "the factors set forth in section 3553(a) to the extent that they are

applicable." 18 U.S.C. § 3582(c)(1)(A). The court specifically and explicitly considered all of the § 3553(a) factors when imposing Mr. McGhee's 180-month sentence. Because Mr. McGhee qualified as an armed career criminal under the ACCA, the court enhanced his sentence accordingly because of his past criminal history. Mr. McGhee's history of gun, drug, and domestic violence charges were and still are very concerning to the court. *See* (Doc. 19). And the court found at his initial sentencing that a term of 180-months imprisonment for an armed career criminal accurately reflected his criminal history, characteristics, the seriousness of his offense, the need to promote respect for the law, and the need to protect the public from further crimes. Mr. McGhee has presented no circumstances that would cause the court to alter its consideration of those factors.

Accordingly, Mr. McGhee has presented no extraordinary or compelling reason for the court to grant his motion for compassionate release. So, the court DENIES his second motion for compassionate release and motion for counsel WITHOUT PREJUDICE. (Doc. 28).

### *Attacks of his Conviction and Sentence*

The court also notes that, in the middle of his compassionate release motion, Mr. McGhee seems to attack his conviction and sentence, although he does not label his motion as one also under 28 U.S.C. § 2255. Mr. McGhee specifically argues that his "prior convictions do not qualify as predicate offenses under the

ACCA guideline." He also argues that his conviction under 18 U.S.C. § 922(g) is "null and void" based on *Rehaif v. United States*, 139 S. Ct. 2191, (2019), because the Government failed to prove he knew he possessed a firearm and that he knew he was a felon when he possessed the firearm. (Doc. 28 at 10-15). Because Mr. McGhee's time to file a habeas motion under 28 U.S.C. § 2255 has expired, the court finds that construing his motion as such would be futile.

Under 28 U.S.C. § 2255(f)(1), Mr. McGhee had one year from the date his conviction became final after his appeal time expired—until August 29, 2019—to file his habeas motion. He did not file his current motion attacking his conviction and sentence until over two years after this deadline. So, his attacks on his conviction and sentence are untimely on their face.

However, 28 U.S.C. § 2255(f)(3) would give him one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Mr. McGhee cites *Rehaif v. United States*, 139 S. Ct. 2191 (June 21, 2019) to support his argument that his conviction is null and void. The Supreme Court ruled in *Rehaif* that, "in prosecutions under § 922(g) and § 924(a)(2), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm."

However, *Rehaif* does not meet the standard for § 2255(f)(3) because (1) *Rehaif* did not announce a new rule of constitutional law, and (2) neither the Supreme Court nor the Eleventh Circuit has made that case applicable retroactively to cases on collateral review. In fact, the Eleventh Circuit has held, in the context untimeliness under § 2255(f)3), that *Rehaif* did not announce a new rule of constitutional law retroactively applicable to cases on collateral review. *Young v. United States*, No. 20-10334G, 2020 WL 4334037 (11th Cir. April 29, 2020) (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)); *see also Khamisi-El v. United States*, No. 19-5584, 2020 WL 398520 (6th Cir. January 23, 2020) ("The rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'") (citing *Palacios*, 931 F.3d at 1315). So, without the applicability of § 2255(f)(3), Mr. McGhee's argument that his conviction is null and void based on *Rehaif* is also untimely.

And Mr. McGhee has failed to allege any reason why the court should apply equitable tolling to excuse the untimeliness in asserting grounds that fall under 28 U.S.C. § 2255. So, the court finds that construing his motion for compassionate release as one also asserting grounds under § 2255 would be futile.

DONE and ORDERED this 14th day of April, 2022.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE